

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Dental Examiners
520 Littlefield Building
Austin, Texas

Dear Sir:          Attention:  Hon. Carl C. Hardin, Jr.,
                                Secretary

                   Opinion No. O-4954
                   Re:  State examinations for the
                        Board of Dental Examiners

          We are in receipt of your letter addressed to
the Attorney General of Texas, from which we quote in part:

          "The immediate question is whether or not the
     Board could accept for examination those students who
     will graduate after the December examination and nearer
     such December date in point of time than to the June
     date of such examination and withheld such grades
     pending the actual graduation from such college or
     university, and upon presentation of such diploma, as
     provided for in Article 4545, to then inform them whether
     or not they have passed such State Examination."

          Your question has been carefully studied and it
appears that the Legislature authorized the Board of Dental
Examiners to examine only those applicants presenting a
diploma from a reputable dental college at the time of said
examination. Article 4545, Vernon's Annotated Civil Statutes
of Texas, sets forth in unambiguous language this requirement,
towit:

          "Each applicant for a license to practice dentis-
     try in this state shall be not less than 21 years of age,
     and shall present a diploma from a reputable dental
     college, and evidence of good moral character." (Under-
     lining supplied)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

A February graduate of a reputable dental college could not therefore qualify as an applicant under Article 4545 for the regular state examination in December because of the applicant's obvious inability to then present a diploma from a reputable dental college.

Furthermore your outlined procedure would violate the requirement of Article 4544, Vernon's Annotated Civil Statutes of Texas, at least to those applicants graduating after January, that "The Board shall examine and grade all papers submitted by such applicants and report to such applicants within 30 days from the date of any meeting of said board, and said report shall give to each applicant the grades made by such applicant upon each and every subject upon which he or she was examined by such board." You are therefore advised that Art. 4544 and Art. 4545 do not authorize the Board to adopt the plan outlined in your letter previously quoted.

Your attention is directed to Article 4543, which requires the Board to hold <u>at least</u> two regular meetings a year "at such times and places as the Board shall deem most convenient for applicants for examination. Due notice of such meeting shall be given by publication in such papers as may be selected by the Board. The Board may prescribe rules and regulations in harmony with the provisions of this title governing its own proceeding and the examination of applicants for practice of dentistry."

Art. 4543 commits to the Board the power to fix the time and place of the two regular meetings for examinations of applicants for license. This power is a continuing one and is not exhausted by the action of the Board in fixing the date of such meetings for December and June. It follows, and you are so advised, that the Board has the power to change the time for the December meeting to, say, February, if, the Board should deem the February date most convenient for applicants for examination, providing at least two meetings of the Board for examination have been held during 1942. If such change be made, of course due notice thereof must be given as required by Art. 4543.

Furthermore you are advised that as Art. 4543 does not limit the number of meetings for examination to <u>two</u> a

year, it is competent for the Board to designate an additional meeting, and give due notice thereof to meet the situation presented in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

W. R. Allen
Assistant

By /s/

Stewart W. DeVore

SWD:AMM

APPROVED DEC 1, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN